IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERISA DIANE FOX                                                              PLAINTIFF

vs.                                    Civil No. 6:09-cv-06060

MICHAEL J. ASTRUE                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Terisa Diane Fox ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her SSI application on August 11, 2006. (Tr. 8, 75-77). In this application, Plaintiff alleged an onset date of March 10, 2005. (Tr. 8, 75). Plaintiff alleged she was disabled due to epilepsy, bipolar, manic depression, back and leg problems, and asthma. (Tr. 88). These applications were initially denied on February 6, 2007 and were denied again on reconsideration on July 24, 2007. (Tr. 58-59). On August 6, 2007, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on her application. (Tr. 74). This hearing request was granted, and a hearing on this matter was held on January 13, 2009 in Hot Springs, Arkansas. (Tr. 30-57). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c)(2008), and had obtained her high school diploma and completed some technical training. (Tr. 33-34).

On March 13, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 8-16). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 11, 2006, her application date. (Tr. 10, Finding 1). The ALJ determined Plaintiff had the following severe impairments: seizures, asthma, bipolar disorder, lumbar pain, anxiety, headaches, and left hip pain. (Tr. 10, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-15). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform a reduced range of light work. (Tr. 11, Finding 4). Specifically, the ALJ found her RFC to be as follows:

2

> After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she is restricted from exposure to temperature extremes; excessive dust, fumes, and pulmonary irritants. Due to seizures she is unable to perform work at unprotected heights; work around moving machinery; or operate motor vehicles. Non-exertionally, interpersonal contact is routine but superficial for the claimant; tasks are learned by experience with ability to deal with several variables; use of judgment is within normal limits; and she requires little supervision for routine tasks with detailed supervision needed for non-routine tasks.

*See id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15). The ALJ found Plaintiff's PRW included work as a masseuse (medium, semi-skilled) and physical therapy assistant (medium, skilled). (Tr. 15, Finding 5). Based upon her RFC, the ALJ determined Plaintiff would be unable to perform any of this PRW. *See id.* The ALJ then evaluated whether Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 15-16). In response to questions from the ALJ, the VE testified that a hypothetical person with Plaintiff's limitations would be able to perform work as a general office clerk (light, low semi-skilled) with 2,700 such jobs in Arkansas and 350,000 such jobs in the nation and retail sales clerk (light, low semi-skilled) with 17,000 such jobs in Arkansas and 2,000,000 such jobs in the nation. (Tr. 16). Based upon this testimony, the ALJ determined Plaintiff was not disabled, as defined by the Act, at any time from August 11, 2006 (her application date) through March 13, 2009 (the date of his decision). (Tr. 16, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On June 17, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On July 21, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 25, 2009.

3

(Doc. No. 5). Both parties have filed appeal briefs. (Doc. Nos. 11-12). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ's decision is not supported by substantial evidence in the record. (Doc. No. 11). Specifically, Plaintiff claims the ALJ erred in the following ways: (A) in assessing the credibility of her subjective complaints and (B) in assessing her RFC. (Doc. No. 11, Pages 11-17). In response, Defendant argues that substantial evidence supports the ALJ's RFC determination and that the ALJ posed a proper hypothetical to the VE that included all of Plaintiff's limitations. (Doc. No. 12, Pages 3-9). This Court will address both of Plaintiff's arguments.

### A.     *Polaski* Evaluation

Plaintiff claims the ALJ performed an improper *Polaski* evaluation. (Doc. No. 11, Pages 11-14). In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies,

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

This Court finds the ALJ performed a proper *Polaski* evaluation in this case. First, the ALJ outlined the *Polaski* factors. (Tr. 13-14). Second, the ALJ evaluated those factors and noted that Plaintiff's subjective complaints were not entirely credible for the following reasons: (1) there was no evidence that any health care provider restricted Plaintiff in her ability to perform all work activity; (2) Plaintiff advised Dr. L'Abbe that she left her last job at Oaklawn in 2005 because she was incarcerated rather than due to her alleged impairments; (3) Plaintiff had a history of drug use which contributed to her mental impairment; (4) Plaintiff made inconsistent statements to her physicians regarding her drug usage; (5) Plaintiff's medication was helpful in controlling her seizures; (6) Plaintiff did not testify that she was limited due to her diabetes or hepatitis; and (7) Plaintiff was able to perform a wide range of daily activities. (Tr. 14). In light of these reasons, this Court finds the ALJ's credibility determination is entitled to deference. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we [the Eighth Circuit] will normally defer to the ALJ's credibility determination").

In her appeal brief, Plaintiff claims the ALJ did not make "specific findings" related to her credibility. (Doc. No. 11, Page 13). However, as noted above, the ALJ made *seven* very specific findings related to her credibility. (Tr. 14). Furthermore, even if the ALJ did not fully analyze *every Polaski factor* in his decision, this case should still not be reversed and remanded for that reason

alone. *See Casey v. Astrue,* 503 F.3d 687, 694 (8th Cir. 2007) (holding that the "the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility"). This is especially true where, in this case, the ALJ did not entirely discount all of Plaintiff's subjective complaints. Instead, the ALJ incorporated many of Plaintiff's alleged limitations into his RFC determination. For example, as noted later in this opinion, the ALJ incorporated Plaintiff's limitations due to asthma in his opinion.

      **B.**      **RFC Determination**

Plaintiff claims the ALJ failed to consider the full impact of both her seizures and asthma in assessing her RFC. (Doc. No. 11, Pages 14-17). First, Plaintiff claims the ALJ did not properly consider the impact of her seizures in assessing her RFC. *See id.* Plaintiff claims both that her medication did not alleviate her seizures and that the side effects of her seizure medication caused her to be unable to work. *See id.* In her appeal brief, Plaintiff claims that her "seizures occur despite her medication." *See id.* She also claims that the side effects of her seizure medication include "weakness, fatigue, memory loss, pain, lack of sleep and lack of concentration," and those side effects cause her to be unable to work. *See id.*

Both of her claims regarding her seizures are, however, contradicted by her testimony at the administrative hearing on January 13, 2009. Plaintiff testified the following at this hearing:

    Q:    Okay, and are you currently taking medication for those seizures?

    A:    Yes, sir.

    *Q:*    *Okay, is that helping your seizures?*

    *A:*    *Yes, sir.*

    Q:    Okay, what are you taking?

    A:    Tropodol and Topamax

> Q: *And I've given the Judge a list of your medications. Are you having any side effects with any of those medications?*
>
> A: *Not at this moment.*
>
> . . .
>
> Q: *Okay, was the epilepsy worse before you got on your medication?*
>
> A: *Yes, sir.*
>
> Q: *So your medication has helped?*
>
> A: *Yes, sir.*

(Tr. 38-39) (emphasis added). This Court has thoroughly reviewed Plaintiff's appeal brief and finds she has presented no evidence in the record contradicting this testimony at the hearing. (Doc. No. 11). This Court, therefore, cannot find that the ALJ erred by "failing to consider" whether Plaintiff's medications treated her seizures and whether Plaintiff suffered from any side effects of her seizure medication.

Second, Plaintiff claims the ALJ did not properly assess her asthma in determining her RFC. (Doc. No. 11, Pages 15-17). Plaintiff claims her medical records demonstrate that she suffered from asthma during the relevant time period and that her asthma caused her to be limited in her ability to work. *See id.* Specifically, Plaintiff claims in her appeal brief that her "asthma attacks" are supported by the record and demonstrate that she is unable to work. *See id.*

Plaintiff, however, testified at the administrative hearing that her asthma only caused her to have *environmental* limitations such that she could not be exposed to certain chemicals or fumes. Plaintiff testified as follows:

> Q: What type of things affects your asthma?
>
> A: Dust, heat, basically dust and heat and smoke.

> Q: What about cleaning supplies?
>
> A: Cleaning supplies, yes, sir. Fumes, any kind of fumes.

(Tr. 40). Consistent with her testimony, the ALJ found Plaintiff had the following environmental limitations: "she is restricted from exposure to temperature extremes; excessive dust, fumes, and pulmonary irritants." (Tr. 11, Finding 4). Therefore, based upon this evidence, and because Plaintiff has not demonstrated that her testimony at the administrative hearing was inaccurate, this Court cannot find that the ALJ erred in assessing Plaintiff's work limitations due to her asthma.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of May, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE